IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL GOLDEN FOODS, INC. ) </br> ) </br> *Plaintiff,* ) </br> ) </br> v. ) </br> ) </br> SOYYIGIT GIDA SANAYI VE TICARET ) </br> ANONIM SIRKETI, et al., ) </br> ) </br> *Defendants.* ) | No.: 10 CV 906 (CRN) </br> The Honorable Judge Norgle </br> Magistrate Mason |

## DEFENDANT SOYYIGIT GIDA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant Soyyigit Gida Sanayi ve Ticaret Anonim Sirketi ("Soyyigit"),[1] by its attorneys, hereby submits its response in opposition to Plaintiff International Golden Foods, Inc.'s ("IGF") Motion for Leave to File Amended Complaint.

## INTRODUCTION

Soyyigit filed its motion to dismiss IGF's Complaint almost three months ago. IGF missed the initial deadline for responding to the motion to dismiss. Now, after requesting and receiving an additional forty-five days to file its response, IGF instead — at the eleventh hour — has filed a motion for leave to file an Amended Complaint. As set forth below, IGF's motion should be denied because IGF fails to attach a copy of the proposed "amended" pleading to its motion or otherwise to inform the Court of the factual content of its proposed "amendment."

---

[1] Plaintiff's complaint also names "Soyyigit Group" as a defendant. There is, however, no such entity and service has thus been accomplished only upon Soyyigit Gida who is the only defendant that has appeared in this action.

1

Moreover, the proposed amendments — to the extent they can be ascertained from IGF's motion — would be futile. Hence, the motion for leave should not be granted.

## BACKGROUND

IGF has filed a three-count Complaint against Soyyigit alleging breach of an indemnification agreement (Count I); breach of an exclusivity agreement (Count II); and misrepresentation based upon statements allegedly made by Soyyigit regarding its trademark and distributorship rights of a fruit-flavored powdered drink mix (Count III). Dkt. No. 1. On September 10, 2010, Soyyigit filed a motion to dismiss arguing that the alleged agreements were unenforceable for one or more of the following reasons: (1) violation of public policy; (2) lack of definiteness or essential terms; (3) lack of consideration; and/or (4) violation of the statute of frauds. Dkt. No. 12. Soyyigit also argued that IGF's claim for misrepresentation is not pled with requisite specificity under Federal Rule of Civil Procedure 9(b), and in any event, is based upon a non-actionable misrepresentation of law. *Id.*

IGF's response to Soyyigit's motion was initially due on October 15, 2010. Dkt. No. 14. That deadline passed with no response from IGF. On November 1, 2010, IGF requested and received an extension of time until December 1, 2010. Dkt. Nos. 17, 19.[2] On the new due date, instead of filing an opposition brief, IGF filed a two-page motion seeking leave to file an Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). Dkt. No. 21. IGF's motion does not attach a proposed amended pleading. *Id.* It also does not inform the Court of the factual content

---

[2] Among other things, counsel for IGF claimed that he had not received copies of the electronic filings of Soyyigit's motion or the Court's Order entering a briefing schedule on the motion. Dkt. No. 17.

of the proposed "amendment" or explain how the "amendment" will be responsive to the legal arguments raised in Soyyigit's motion to dismiss, which has been pending for almost three months. *Id.* Rather, it simply claims that IGF has recently received a box of documents from Elizabeth Schoettly — ***who jointly represented both IGF and Soyyigit in a prior litigation***[3] — that IGF claims "evidences substantial amounts of information that require repleading, for example a copy of the signed written agreement between Schoettly and the Defendant." Dkt. No. 21. IGF further claims that repleading is necessary to add Ms. Schoettly "as a party Plaintiff to this cause." *Id.* If anything, these assertions create more confusion than clarity. Ms. Schoettly simply has no conceivable role to play in this litigation, which to date has been based upon a purported ***contractual*** relationship between IGF and Soyyigit. *See* Dkt. Nos. 1 and 12.

## ARGUMENT

IGF seeks to amend its Complaint under Federal Rule of Civil Procedure 15(a)(2), which requires leave of court before any amendment can be made. Although Rule 15 provides that leave to amend should freely be given, "that does not mean it must always be given." *Chamberlain Group, Inc. v. Lear Corp.*, No. 05 C 3449, 2010 WL 3632471, at *1 (N.D. Ill. Sept. 10, 2010). Rather, all motions, including a proper request for leave to amend a complaint, must set forth with particularity the relief or order sought and the grounds which support the application. *Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993) (citing Fed. R. Civ. P. 7(b)). Where a party seeking leave to amend does not submit a copy of the proposed amended complaint or otherwise place the court and its opponent on notice of the content of the proposed amendment, leave to

---

[3] *See General Mills IP Holdings II, LLC v. Soyyigit Gida Sanayi Vi Ticaret Anonim Sirketi*, Case No. 0:09-cv-01010-DWF-JSM (D. Minn. Apr. 29, 2009). Despite repeatedly having been asked by Soyyigit to withdraw her appearance, Ms. Schoettly has refused to file a notice of withdrawal and, thus, is currently still listed as representing Soyyigit.

amend should be denied. *Chicago Dist. Council of Carpenters Pension Fund v. G & A Installations, Inc.*, No. 95 C 6524, 1996 WL 288629, at *2 (N.D. Ill. May 30, 1996) (denying motion for leave to amend denied where plaintiff failed to inform the court and defendants of factual content of proposed amendment). Leave should also be denied where it is unclear whether the proposed amendment could withstand a motion to dismiss. *Id.* ("Moreover, we cannot determine from these bare allegations whether the proposed amendment is sufficient to withstand a motion to dismiss. As we noted above, an amendment is considered futile if it is insufficient to withstand a motion to dismiss). In this case, IGF has provided no explanation as to why a new complaint should be permitted or as to why any new party should be allowed to join the proceeding.

Despite the fact that Soyyigit's motion has been on file for almost three months, and IGF has had the motion in its possession for at least five weeks, it now seeks leave to amend without providing the Court or Soyyigit any information regarding the factual content of the proposed amendment. Indeed, from a reading of the vague, bare-bones assertions in IGF's motion, one is left with no idea at all as to what IGF's new complaint will look like. IGF even mentions in passing that it will add Soyyigit's former attorney Ms. Schoettly as a new party to this suit without providing any explanation as to the nature of her claim or her standing to sue in a case that, to date, has been based upon a purported contractual relationship between the current parties to the litigation. Under such circumstances, IGF's motion should be denied.

Moreover, to the extent that Ms. Schoettly has indiscriminately provided documents containing her communications with Soyyigit to IGF (documents which, incidentally, Soyyigit itself has not been able to obtain from Ms. Schoettly since dismissing her as counsel), Soyyigit has significant concerns that she may have violated the attorney-client privilege and her obligations to

Soyyigit as a former client. And to the extent Ms. Schoettly intends to join this action as a party plaintiff, Soyyigit again questions what claim Ms. Shoettly could possibly have that is relevant to this litigation which would permit IGF to join her as a party.[4] Even if Ms. Shoettly has such a claim (and IGF provides nothing to indicate that she does), it is difficult to conceive how she could bring that claim without violating her ethical obligations. Indeed, IGF acknowledges in its current Complaint that Ms. Schoettly jointly represented both IGF and Soyyigit in separate litigation in Minnesota involving the trademark rights at issue in this action. Dkt. No. 17, Pars., 28-34.

As best can be ascertained from IGF's motion for leave to amend, its proposed amended complaint appears to be nothing more than an attempt to utilize Soyyigit's former counsel against it — an action that clearly runs afoul of the rules of professional conduct applicable to all counsel in this matter. There is no conceivable basis upon which the adding of Ms. Schoettly as a party could possibly cure the defects in Plaintiff's complaint. Similarly, there is no justification for allowing IGF to file a new complaint based on her confidential communications with Soyyigit. And even if such re-pleading could be effective, it could not be done without violating the attorney-client privilege held by Soyyigit. Accordingly, to prevent any further breach of the attorney-client privilege or other ethical violations, the motion for leave to amend should be denied as futile.

## CONCLUSION

For each of the foregoing reasons, Defendant Soyyigit Gida Sanayi ve Ticaret Anonim Sirketi respectfully requests entry of an Order denying Plaintiff International Golden Foods, Inc's

---

[4] If Ms. Schoettly has a dispute against Soyyigit arising out of her prior representation, it should be brought separately, not as part of IGF's claims against Soyyigit.

Motion for Leave to File Amended Complaint and any further relief that the Court deems just and appropriate.

Date: December 3, 2010                      Respectfully submitted,

                                       /s/ *James J. Sipchen*
                                James J. Sipchen (IL Bar No. 6226113)
                                Amy J. Thompson (IL Bar No. 6244011)
                                Matthew J. Ligda (IL Bar No. 6229719)
                                Pretzel & Stouffer, Chartered
                                One South Wacker Drive - Suite 2500
                                Chicago, Illinois 60606
                                Telephone: (312) 578-7442
                                Fax: (312) 346-8242
                                E-Mail: *jsipchen@pretzel-stouffer.com*

                                *Counsel for Defendant Soyyigit Gida*

Of Counsel:
Michael A. Grow
Eric S. Baxter
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 857-6000 (telephone)
(202) 857-6395 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the **Defendant, Soyyigit Gida's Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint** was filed electronically this 3rd day of December, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and by U.S. Mail. Parties may access this filing through the Court's electronic system.

Joseph M. Williams
810 N. Arlington Heights Road
Itasca, IL 60143
(630) 346-4472

                                         s/ James J. Sipchen
                                         James J. Sipchen (IL Bar No. 6226113)
                                         Amy J. Thompson (IL Bar No. 6244011)
                                         Matthew J. Ligda (IL Bar No. 6229719)
                                         Pretzel & Stouffer, Chartered
                                         One South Wacker Drive - Suite 2500
                                         Chicago, Illinois 60606
                                         Telephone:    (312) 578-7442
                                         Fax:               (312) 346-8242
                                         E-Mail:          mligda@pretzel-stouffer.com
                                         *Attorneys for Defendants,*
                                         *Soyyigit Gida Sanayi Ve Ticaret Anonim Sirketi*

                                         Of Counsel:
                                         Eric S. Baxter
                                         ARENT FOX LLP
                                         1050 Connecticut Avenue, NW
                                         Washington, DC 20036
                                         Telephone: (202) 857-3440
                                         Fax: (202) 857-6395
                                         baxter.eric@arentfox.com