# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL GOLDEN FOODS, INC., | )<br>)<br>) 10 C 906 |
| Plaintiff, | )<br>) |
| v. | ) Hon. Charles R. Norgle<br>) |
| SOYYIGIT GIDA SANAYI VE TICARET ANONIM SIRKETI, | )<br>)<br>) |
| Defendant. | ) |

## Memorandum Opinion

CHARLES R. NORGLE, District Judge

Plaintiff International Golden Foods, Inc. ("IGF"), brings a three count Complaint against Defendant Soyyigit Gida Sanayi Ve Ticaret Anonim Sirketi ("Soyyigit"), alleging damages stemming from Soyyigit's breach of a distributorship agreement. IGF alleges that Soyyigit is liable for breach of an indemnification contract (Count I), breach of an exclusivity distributorship contract (Count II), and misrepresentation (Count III). Soyyigit moves the Court to dismiss all three counts for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Soyyigit's motion without prejudice. The Court grants IGF leave to file an amended complaint.

## I. INTRODUCTION

In determining whether to grant Soyyigit's Motion to Dismiss, the Court accepts IGF's well-pleaded allegations as true. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir. 1996). In its Complaint, IGF alleges the following facts.

1

IGF is an Illinois corporation in the business of importing, selling, distributing and marketing food products. Soyyigit is a Turkish company in the business of manufacturing and selling powdered drink mixes under the mark KENT BORINGER TRIX. On or about April 1, 2007 Soyyigit and IGF entered into an oral agreement whereby IGF was to be the exclusive vendor of Soyyigit's drink mix products sold in the United States. Prior to reaching this agreement, Soyyigit made oral representations to IGF that Soyyigit had the necessary trademark rights for the products it sold under the Kent Boringer Trix Drink Mix trademark.

On June 14, 2006, Soyyigit applied for an Intent to use Trademark Application from the United States Patent and Trademark Office. General Mills IP Holdings, LLC, ("GM") filed an opposition to Soyygit's application before the Trademark Trial and Appeal Board. GM is not a party to this case. This opposition was made during a period of time when IGF had placed several orders with Soyyigit. However, Soyyigit allegedly never informed IGF of GM's opposition. A label placed on Soyyigit's products stated that IGF was the exclusive distributor of Soyygit products; the label also posted IGF's name, telephone and address. Unknown to IGF at that time, Soyygit was allegedly selling its products to other distributors in United States.

On May 9, 2009 GM served IGF a complaint which alleged that Soyyigit and IGF had infringed the various "TRIX" trademarks owned by GM in the United States for food and related products. GM filed this case in Minnesota. IGF discovered that it was in fact not the exclusive distributor of Soyyigit's drink mixes during discovery in the Minnesota suit. IGF then stopped all sales and distribution of Soyyigit's drink mix products and recalled the products that it sold a few weeks after being served with the Minnesota complaint.

On July 2, 2009 IGF and Soyyigit met to discuss the complaint and IGF's potential defenses in the Minnesota suit. During that meeting Soyyigit orally represented that it would

2

indemnify IGF as its distributor for all costs and losses incurred in that litigation. IGF then retained attorneys in both Chicago and Minnesota to defend IGF as well as Soyyigit. IGF alleges that it incurred substantial fees and costs in its attempt to defend it and Soyyigit in the Minnesota lawsuit, and that Soyyigit has failed to indemnify IGF as promised.

IGF also alleges that it incurred extensive damages as a result of Soyyigit's selling to IGF a product that had no trademark clearance nor trademark registration. Because IGF distributed Soyyigit's products, IGF alleges that it was forced to enter into litigation that would have never occurred but for Soyyigit's failure to investigate whether it had the right to use a trademark on a product containing the term "TRIX" in the United States. Also, IGF alleges that it incurred substantial damages as a result of Soyyigit's noncompliance with the exclusivity agreement. The total amount of damages that IGF alleges is $1.5 million plus attorneys' fees and costs.

IGF filed the instant Complaint against Soyyigit on February 10, 2010. The Complaint contains three counts: Count I alleges breach of the indemnification agreement; Count II alleges breach of the exclusivity contract; and Count III alleges misrepresentation regarding Soyyigit's trademark rights and misrepresentation regarding the exclusivity distribution. On September 10, 2010 Soyyigit filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6). On December 1, 2010 IGF filed its Motion for Leave to Amend Complaint, which the Court denied on December 13, 2010. IGF filed a Response to the Motion to Dismiss on December 20, 2010. On January 3, 2011 Soyyigit filed its Reply. IGF filed its Sur-reply on January 17, 2011. The Motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

In deciding a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g. Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims….Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). When reviewing a motion to dismiss under Rule 12(b)(6), the Court therefore merely looks at the sufficiency of the complaint, it does not decide whether the plaintiff has a winning claim. McComirmick v. City of Chi., 230 F.3d 319, 323-26 (7th Circ. 2000).

The Court recognizes however, that "the old formula –that the complaint must not be dismissed unless it is beyond doubt without merit-was discarded by the Bell Atlantic decision." Limestone Dev. Corp. v. Vill. Of Lamont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007)). Following Bell Atlantic, a complaint will survive a motion to dismiss only when the complaint contains "sufficient factual matter, accepted as true, to state a claim that is plausible on its face. A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal. 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations removed). In Swanson v. Citibank, the Seventh Circuit interpreted the Supreme Court's standard to mean that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." 614 F.3d 400, 404 (7th Cir. 2010).

A claim for fraud or mistake requires under Rule 9(b) that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This means that the complaint must state "the identity of the person making the misrepresentation, the time, the place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." Schiffels v. Kemper Fin. Servs. Inc., 978 F.2d 344, 352 (7th Cir. 1992) (quoting Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992)).

**B. Defendant's Motion to Dismiss**

Soyyigit argues that IGF's Complaint fails to state a claim on which relief could be granted on each of the three counts. Soyyigit first asserts that Count I, breach of the indemnification agreement, should be dismissed because the indemnification agreement contravenes the Illinois Rules of Professional Conduct and is therefore void and unenforceable. In the alternative, Soyygit argues that the indemnification agreement is also unenforceable for lack of definiteness and consideration. As to Count II, Soyyigit argues that the breach of exclusive distributorship agreement claim should be dismissed because the alleged agreement is unenforceable for lack of essential terms. In the alternative, Soyyigit argues that the alleged agreement violates the Statute of Frauds. As to Count III, Soyyigit argues that IGF has failed to state a claim for misrepresentation because IGF's Complaint does not state with particularity the circumstances constituting fraud.

In light of the concerns raised in Soyyigit's Motion to Dismiss, IGF requests leave of the Court to amend its Complaint. The Court therefore grants Soyyigit's Motion to Dismiss without prejudice, and also grants IGF's request to file an amended complaint. In drafting its amended complaint, IGF should address the issues raised by Soyyigit, especially those issues related to Rule 9(b).

## III. CONCLUSION

The Court grants Soyyigit's Motion to Dismiss without prejudice. IGF shall file an amended complaint on or before March 18, 2011.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: February 17, 2011